```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JOSE MARIO PEREZ, JR.,                                                 :
                                                                       :
                          Plaintiff,                                   :
                                                                       :   19 Civ. 5794 (JPC)
           -v-                                                         :
                                                                       :            ORDER
DUE MILLA REALTY GROUP LLC et al.,                                     :
                                                                       :
                          Defendants.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On April 4, 2023, counsel for Defendants informed the Court that Defendant CMH BBQ Holdings, LLC ("Mighty Quinn's") "will be closing operations at the subject premises [at 103 Second Avenue, New York, New York] on April 9, 2023." Dkt. 77.  Plaintiff's sole federal claim in this case, which serves as the basis of the Court's subject matter jurisdiction, arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*  *See* Dkt. 1 ¶¶ 1, 38-55.  "A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."  *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004).  "When such redress is no longer possible," such as here where the place of public accommodation has closed, "the ADA claim becomes moot, depriving the court of subject-matter jurisdiction, and must be dismissed."  *Thomas v. Grunberg 77 LLC*, No. 15 Civ. 1925 (GBD) (BCM), 2017 WL 3225989, at *2 (S.D.N.Y. July 5, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 3263141 (S.D.N.Y. July 28, 2017); *see also De La Rosa v. Pure Green NYC 8th St. Corp.*, No. 18 Civ. 3456 (AJN), 2021 WL 7709963, at *1 (S.D.N.Y. Apr. 13, 2021) ("[N]umerous courts have held that ADA claims are moot following a place of public accommodation's permanent closure.").  Accordingly, because Mighty Quinn's is no longer

operating at the subject premises, Plaintiff's ADA claim is dismissed as moot. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action."); *Meng v. U.S. Citizenship & Immigr. Servs.*, 597 F. Supp. 3d 552, 553-54 (E.D.N.Y. 2022) ("Once a case is moot, 'federal courts lack subject matter jurisdiction over it.'" (quoting *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994))).

"[W]hen a district court correctly dismisses all federal claims for lack of subject-matter jurisdiction," such as in this case when the sole federal claim is moot, "the district court is thereby precluded from exercising supplemental jurisdiction over the related state-law claims." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017). Plaintiff's related state-law claims are therefore dismissed as well for lack of supplemental jurisdiction. *See, e.g., De La Rosa*, 2021 WL 7709963, at *1 (dismissing the plaintiff's ADA claim as moot following the place of public accommodation's closure and the remaining state law claims for lack of supplemental jurisdiction); *Flint v. Atlantic Networks, LLC*, No. 18 Civ. 5534 (ERK) (SJB), 2020 WL 2393803, at *1-2 (E.D.N.Y. Feb. 28, 2020) (same).

Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Defendants' counsel's motion to withdraw is denied without prejudice as moot. The Clerk of Court is respectfully directed to close Docket Number 77 and to close this case.

SO ORDERED.

Dated: April 19, 2023
New York, New York

JOHN P. CRONAN
United States District Judge